97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Moises NARVAEZ-DIAZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-70013.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1996.*
Decided Sept. 23, 1996.
 
 1
 Petition to Review a Decision of the Board of Immigration Appeals, No. Ayq-paz-vqy.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: PREGERSON and TROTT, Circuit Judges and WINMILL,** District Judge.
 
 
 5
 MEMORANDUM***
 
 
 6
 Petitioner Moises Narvaez-Diaz petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158, 1253(h); Immigration and Nationality Act ("INA") §§ 208, 243(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 7
 To reverse the BIA's refusal to grant asylum, an applicant "must demonstrate that the 'evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.' " Fisher, 79 F.3d 961 (quoting Elias-Zacarias, 502 U.S. at 483-84). Here, although the immigration judge determined that Narvaez-Diaz had suffered "a degree of persecution," the BIA determined that Narvaez-Diaz had not suffered past persecution. We cannot say that any reasonable factfinder would be compelled to find otherwise and thus we affirm the BIA's finding of no past persecution.
 
 
 8
 The BIA also determined that, due to changes in Nicaragua, Narvaez-Diaz had failed to establish a well-founded fear of future persecution. We agree that, to some extent, conditions in Nicaragua have changed since the election of Violeta Chamorro as President of Nicaragua. We recognize that after Chamorro's election, the Sandinistas continued to dominate the military, police forces, and some other government agencies. We also recognize that the Sandinistas continued to commit human rights abuses. But the record demonstrates that conditions in Nicaragua have improved, to some extent, under the Chamorro government. Whatever persecution Narvaez-Diaz might have feared if the Sandinistas were still officially in power, he has failed to demonstrate that any reasonable factfinder would be compelled to find that his fear of persecution remains well-founded given these changes in Nicaragua.
 
 
 9
 Although Narvaez-Diaz's brothers were treated harshly by the Sandinistas, he has failed to demonstrate sufficiently that he might also suffer such persecution at the hands of the Sandinistas should he return to Nicaragua. Furthermore, Narvaez-Diaz has failed to demonstrate that, although the Sandinistas targeted members of the Mormon church for persecution in the mid-1980s, Mormons continue to be targets of persecution since Chamorro's election.
 
 
 10
 We note that we may only consider the record before the BIA. Fisher v. INS, 79 F.3d 955, 963 (9th Cir.196) (en banc). We therefore do not consider the 1993 Country Report in reaching our decision as that report is not part of the administrative record.
 
 
 11
 Because Narvaez-Diaz has failed to satisfy the lower standard of proof required for asylum, he has necessarily failed to meet the higher standard required for withholding of deportation.
 
 
 12
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable B. Lynn Winmill, United States District Judge for the District of Idaho, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3